AUSA  Margaret Smith (313) 226-9135
Special Agent  Kevin Arnett, ATF (313) 202-3503

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

10

| | |
|---|---|
| United States of America<br>v.<br>Daiven Lamontwalte HOLLINSHED | Case: 2:16-mj-30395<br>Assigned To : Unassigned<br>Assign. Date : 8/29/2016<br>Description: CMP USA v. HOLLINSHED (SO) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ August 18, 2016 _____ in the county of _____ Wayne _____ in the _____ Eastern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 922(g)(1) | Felon in Possession of a Firearm |
| Title 18, United States Code, Section 924(c)(1)(A) | Possession of a Firearm in Furtherance of a Firearm |

This criminal complaint is based on these facts:
See attached affidavit in support of a criminal complaint.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Kevin Arnett, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  August 29, 2016

_____
*Judge's signature*

City and state:  Detroit, MI

United States Magistrate Judge   ELIZABETH A. STAFFORD
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Kevin Arnett, being duly sworn, do hereby state the following:

<u>INTRODUCTION</u>

1.    I am a Special Agent (S/A) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been employed for approximately four (4) years. I am currently assigned to the Ann Arbor Field Office. Prior to my employment with ATF, I was employed with the Diplomatic Security Service as a Special Agent for approximately four (4) years from 2009-2012. Additionally, prior to being employed with the Diplomatic Security Service, I was a sworn Police Officer with the Indianapolis Metropolitan Police Department for seven (7) years from 2002-2009. I have earned a Masters of Arts in Criminal Justice and a Bachelors of Arts in General Studies, with a Minor in Sociology.

2.    These statements are based on my training and experience as a law enforcement agent, as well as information provided to me by and/or through other law enforcement officers, investigators and individuals with knowledge of this matter, during the course of my investigation, and through my review of documents. This affidavit summarizes such information but does not provide each and every detail known regarding this investigation; rather it

1

provides information necessary to establish probable cause for the arrest of **Daiven Lamontwalte HOLLINSHED** (DOB: XX/XX/1988) aka "KO."

3.    HOLLINSHED is being investigated for violations of Title 18, United States Code, Section 922(g)(1)-Possession of a Firearm by a Prohibited Person and Title 18, United States Code, Section 924(c)(1)(A)- Any person who, during and in relation to drug trafficking crime for which the person may be prosecuted in a court of the United States, carries a firearm in furtherance of any such crime.

## INVESTIGATION & PROBABLE CAUSE

4.    I am assigned to the Michigan State Police Mobile Narcotic Enforcement Team (MNET), which concentrates investigative efforts in thwarting the high volume of illegal narcotic trafficking in the City of Inkster, Michigan and addressing gun related crimes of violence.

5.    In the course of investigating illegal drug trafficking in the City of Inkster, The MNET had identified the Rodeway Inn Motel, located at 25911 Michigan Ave. Inkster, Michigan as a known narcotic trafficking area.

6.    During the course of the MNET investigation of the Rodeway Inn Motel, HOLLINSHED was observed frequenting the property of the Rodeway Inn Motel and the Budget Hotel located at 26040 Michigan Ave. Inkster, Michigan; which was also identified as a known narcotic trafficking area. In the course of surveillance conducted by the MNET at the Rodeway Inn Motel, law enforcement officers have observed numerous narcotic behavior indicative of illegal drug trafficking.

7.    On August 8, 2016, MNET law enforcement officers conducted surveillance at the Rodeway Inn Motel.  HOLLINSHED was observed riding a bike in the area of the Rodeway Inn between 6:15 – 8:00 pm.  Law enforcement officers observed HOLLINSHED conduct suspected drug transactions during hand-to-hand exchanges with individuals in vehicles and on foot in front of the Rodeway Inn Motel.

8.    On August 16, 2016, MNET law enforcement officers conducted surveillance of HOLLINSHED at the Rodeway Inn Motel. HOLLINSHED was observed conducting hand-to-hand exchanges with numerous individuals in the parking lot of the Rodeway Inn Motel.  HOLLINSHED was observed taking suspected

3

narcotics from the waistband area of his person and exchanging the items for money with customers.

9.  HOLLINSHED was observed entering and exiting room number 221 of the Rodeway Inn Motel, prior to conducting the hand-to-hand transactions for the suspected transactions. HOLLINSHED appeared to have a key card and would use it to unlock the door to room number 221.

10.  HOLLINSHED was observed to be carrying what appeared to be a pistol in his waistband area of his person, based on the law enforcement officers' observations of HOLLINSHED making continuous movements indicative of a person concealing a pistol, and, at one point, he appeared to pull an object from his waistband that resembled a pistol.

11.  MNET law enforcement officers processed a wanted status query on HOLLINSHED via the Law Enforcement Information Network (LEIN). LEIN results revealed HOLLINSHED had an outstanding traffic warrant from the 35th District Court. The date of the warrant was February 17, 2016.

12.    MNET law enforcement officers processed a Computerized Criminal History (CCH) query via LEIN on HOLLINSHED. LEIN results revealed HOLLINSHED has a 2013 felony conviction for Breaking and Entering a building with intent from the Third Circuit Court, Wayne County, Detroit, Michigan.

13.    On August 18, 2016, MNET law enforcement officers obtained a State of Michigan search warrant from the 22 District Court, Inkster, Michigan for the Rodeway Inn Motel, room number 221; which was observed by law enforcement officers to be associated to HOLLINSHED.

14.    On August 18, 2016, law enforcement officers observed HOLLINSHED in the parking lot of the Rodeway Inn Motel and proceeded to apprehend HOLLINSHED for the outstanding traffic warrant and simultaneously execute the search warrant for the Rodeway Inn Motel room number 221.

15.    Once law enforcement officers approached HOLLINSHED in the parking lot, your affiant observed HOLLINSHED standing next to parked gray 2009 Saturn sedan. Law enforcement officers verbally directed HOLLINSHED to get on the ground. HOLLINSHED took steps back away from the vehicle and

5

proceeded to get on the ground in the throughway of the hotel walkway. Your affiant apprehended HOLLINSHED and placed him into handcuffs.

16. An MSP Trooper observed on the ground, next to the front passenger tire of the gray 2009 Saturn sedan, directly next to the location HOLLINSHED was standing when law enforcement officers approached him, a Bersa semi-automatic handgun, model# Thunder 380, caliber .380, serial# 622936.

17. Upon seizing and inspecting the Bersa handgun, your affiant observed the Bersa handgun had an extended magazine, which contains more ammunition compared to the standard magazine that is provided when the handgun is purchased at a retail store. The extended magazine, which contained twelve (12) rounds of ammunition had one (1) round chambered in the barrel of the handgun. The standard magazine provided during the retail store purchase of the handgun has a seven (7) round capacity.

18. During the apprehension of HOLLINSHED, there were no other individuals standing in close proximity to him or the seized Bersa handgun.

19. Your affiant searched HOLLINSHED incident to arrest and observed concealed underneath a pair of shorts and a pair of athletic shorts, a plastic sandwich bag on HOLLINSHED's right hip. Enclosed in the plastic sandwich bag was fourteen (14) bindles of suspected heroin and seventeen (17) baggies of suspected crack packaged in lottery tickets and prepared for individual sale.

20. Based on my training and experience, the manner in which the seized heroin and crack cocaine was packaged is indicative behavior of a person who is possessing with the intent to deliver and illegally traffic a controlled substance. Furthermore, HOLLINSHED's possession of a controlled substance, which was packaged for distribution is consistent with my prior training and experience for drug traffickers to possess firearms either on their person or in close proximity to protect themselves from being robbed by other criminal elements seeking to steal their illegal monetary proceeds derived from the illegal trafficking of a controlled substance.

21. While your affiant further searched HOLLINSHED incident to arrest, your affiant retrieved a hotel room key from his right front pants pocket. I provided this key to law enforcements officers, who were able to successfully enter

room number 221, upon knocking and announcing their presence to execute the search warrant.

22. During the execution of the search warrant in room number 221, law enforcement officers observed the hotel room to be unoccupied. Law enforcement officers seized the following items from room number 221:

- A green and white pill suspected to be Vyvanse, a Schedule II controlled substance;

- Good Sense sandwich bags, commonly used for the carrying and/or packaging of narcotics;

- Two (2) digital scales, typically utilized for weighing narcotics to be packaged for sale;

- A tan colored powder, which based on my prior training and experience is commonly used as a "cutting agent" when mixing heroin;

- $537.00 in US Currency; and

- Miscellaneous amount of lottery tickets, which is commonly used for packaging heroin for distribution.

23. On August 26, 2016, I contacted ATF Interstate Nexus Expert, identified as ATF S/A Deon Hogan regarding the status of the Bersa handgun. S/A Hogan

stated the aforementioned seized firearms were manufactured outside of the state of Michigan after 1898, and therefore had traveled in and affected interstate commerce.

23.  Based upon the above information, I have probable cause to believe that HOLLINSHED is a convicted felon and was in possession of a firearm, which is in violation of Title 18 U.S.C., Section 922 (g) (1). Additionally, I have probable cause to believe HOLLINSHED possessed the Bersa handgun in furtherance of drug trafficking, which is in violation of Title 18 U.S.C., Section 924(c)(1)(A).

Said violation occurred on August 18, 2016 in the County of Wayne, Eastern Judicial District of Michigan.

Kevin Arnett
Special Agent, ATF

Sworn to and subscribed to me in my presence
on this 29th day of August, 2016

United States Magistrate Judge

ELIZABETH A. STAFFORD
UNITED STATES MAGISTRATE JUDGE

9